IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA SCOTT, and <br> WALLACE SCOTT, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | Case No. <br><br> JURY TRIAL DEMANDED |

**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**

Without submitting to the jurisdiction of this Court and with full reservation of all defenses, Defendant Ford Motor Company ("Ford") hereby gives notice of the removal of this action from the Circuit Court of St. Charles County, the 11th Judicial Circuit of Missouri, to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. 1441 et seq. and E.D. Mo. L.R. 2.03. In support of this Notice of Removal, Ford alleges and states as follows:

**PROCEDURAL BACKGROUND AND RELEVANT FACTS**

1. This action arises out of a December 11, 2018 automobile accident (the "Subject Accident") involving a 2009 Ford Fusion (the "Subject Vehicle") driven by Plaintiff, Patricia Scott. [Petition for Damages at ¶¶ 6, attached as Exhibit 1].

2. Plaintiffs filed this action, styled *Patricia Scott and Wallace Scott v. Ford Motor Company*, Case No. 2211-CC00740, in the Circuit Court of St. Charles, Missouri. [Ex. 1]. Plaintiffs' Petition alleged, *inter alia*, that Ford (1) is liable to Plaintiff Patricia Scott for her injuries which were allegedly caused by some defective condition of the Subject Vehicle, and (2) is liable to Plaintiff Wallace Scott for loss of consortium due to Plaintiff Patricia Scott's injuries. [Ex. 1, Counts I, II, and III].

1

3. Plaintiffs' Petition asserts three separate causes of action: (I) Strict Liability against Defendant Ford; (II) Failure to Warn — Strict Liability against Defendant Ford; and (III) Loss of Consortium against Defendant Ford. In each of the three counts, the Plaintiffs allege they have individually been damaged "in excess of $25,000.00. [Ex. 1, "WHEREFORE" Paragraphs following ¶¶ 25, 30, and 33].

4. Plaintiffs' Petition states that Plaintiffs were citizens of St. Louis County, Missouri and that Ford is a foreign corporation doing business in Missouri, [Ex. 1, ¶¶ 1 and 3].

## BASIS FOR REMOVAL

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, which confers original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

## COMPLETE DIVERSITY EXISTS

6. Plaintiffs are residents of Missouri. [Ex. 1, ¶ 1]. Residence is prima facie evidence of domicile, and domicile is synonymous with citizenship for purposes of diversity jurisdiction. *Hrastich v. Advanced Auto Parts, Inc.*, 2014 WL 3341121 at *2 (E.D. Mo. July 8, 2014); *Janzen v. Goos*, 3022 F.2d 421, 424 (8th Cir. 1962). Plaintiffs, therefore, are citizens of Missouri.

7. Ford is a Delaware corporation with its principal place of business located in the State of Michigan. Thus, Ford is a citizen of Delaware and Michigan for purposes of determining diversity of citizenship under 28 U.S.C. § 1332(c)(1). *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

2

## THE AMOUNT IN CONTROVERSY IS SATISFIED

8. With regard to amount in controversy, Plaintiffs' Petition alleges three counts. Plaintiff, Patricia Scott's claims, presented in Count I and Count II, each separately state "Plaintiff Patricia Scott prays judgment against the Defendant . . . in an amount that is fair and reasonable in excess of $25,000.00." [Ex. 1, "WHEREFORE" Paragraphs following ¶¶ 25, 30]. Plaintiff, Wallace Scott's claim, presented in Count III, states "Plaintiff, Wallace Scott, prays judgment against the Defendant . . . in an amount that is fair and reasonable in excess of $25,000.00." [Ex. 1, "WHEREFORE" Paragraphs following ¶ 33]. *See* Mo. R. Civ. P. 55.05 (stating that "in actions for damages based upon alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority").

9. Plaintiff Patricia Scott seeks to recover damages for her alleged injuries, including past medical and rehabilitation costs, lost wages and impaired earning capacity, being rendered totally disabled by the Social Security Administration, scarring and disfigurement, substantial cognitive decline and impairment, and past and future pain and suffering. [Ex. 1, ¶¶ 25 and 30].

10. Specifically, Plaintiff Patricia Scott asserts she suffered severe and permanent injuries, a severe concussion and cognitive decline, a fractured sternum, twelve fractured ribs, a fractured left wrist, and several facial contusions. [Ex. 1, ¶ 10]. Additionally, she asserts she was rendered totally disabled by the Social Security Administration and that she is unable to work and earn an income as a registered nurse. *Id*. These injuries are allegedly serious, permanent and progressive, and the function and use of those injured body parts are impaired, diminished, and made painful. *Id*.

11.    A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).

12.    According to the Eighth Circuit Court of Appeals, it is a "well settled rule" that multiple claims of a single plaintiff may be properly aggregated to satisfy the jurisdictional amount. *Lynch v. Porter*, 446 F.2d 225, 228 (8th Cir. 1971). Since Plaintiff Patricia Scott has alleged two separate counts, each of which alleges damages in excess of $25,000, the aggregate amount in controversy plead exceeds $50,000.00.

13.    Based on the nature of Plaintiff Patricia Scott's claims for damages arising from the Subject Accident, the types of injuries described in the Petition, the extent of those injuries described in the Petition, and the amount of damages sought by the Petition, it is readily apparent that the amount in controversy should exceed $75,000.00 for purposes of 28 U.S.C. 1332.

14.    Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1332(a).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

15.    This lawsuit was filed on August 8, 2022, and Ford was served on August 16, 2022. Accordingly, this Notice of Removal is timely filed within 30 days after service of a summons upon the defendant Ford pursuant to 28 U.S.C. § 1446(b)(1).

16.    As required by 28 U.S.C. § 1446(a) and (d) and E.D. Mo. L.R. 2.03, Ford shall file written notice of the removal in the state court proceeding, serve a copy of the same on Plaintiff, file proof of filing the notice with the clerk of the state court and proof of service on all adverse parties, and file a copy of all process, pleadings, orders and other documents then on file in the State Court. [*See* Docket Sheet and State Court Filings, collectively attached as Exhibit 2].

17.This case is properly removed to this Court pursuant to 28 U.S.C. 1441 *et seq.* because Ford has satisfied the procedural requirements for removal and this Court has original subject matter jurisdiction over this action, as the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests, and there is complete diversity between Plaintiffs and Defendant.

18.Ford reserves all defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

**WHEREFORE**, Defendant Ford Motor Company respectfully gives notice that, pursuant to 28 U.S.C. § 1441 *et seq.* and E.D. Mo. L.R. 2.03, the matter styled *Patricia Scott and Wallace Scott v. Ford Motor Company*, Case No. 2211-CC00740, has been removed from the Circuit Court of St. Charles County, Missouri, to the United States District Court for the Eastern District of Missouri.

Respectfully submitted,

/s/ Sherry A. Rozell
Sherry A. Rozell, MO Bar No. 34131
MCAFEE & TAFT, PC
4050 S. Fairview Ave.
Springfield, MO 65807
(918) 587-0000; (918) 599-9317 (fax)
sherry.rozell@mcafeetaft.com
***Attorney for Defendant***
***Ford Motor Company***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was electronically served upon all counsel of record this 15th of September, 2022.

*/s/ Sherry A. Rozell*