2211-CC00740

Electronically Filed - St Charles Circuit Div - August 08, 2022 - 06:59 PM

# IN THE ELEVENTH JUDICIAL CIRCUIT, STATE OF MISSOURI

## CIRCUIT JUDGE DIVISION

| | |
|---|---|
| PATRICIA S. SCOTT and WALLACE SCOTT, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.: ) ) ) |
| FORD MOTOR COMPANY, | ) ) ) |
| Defendant. | ) |

Serve: The Corporation Company
      120 S. Central
      Clayton, MO 63105

### PLAINTIFFS' PETITION

COMES NOW Plaintiffs Patricia Scott and Wallace Scott, by and through undersigned counsel, and for their causes of action against Defendant Ford Motor Company states as follows:

### PARTIES, JURISDICTION, and VENUE

1. At all times relevant, Plaintiffs Patricia Scott and Wallace Scott ("Plaintiffs") were citizens of St. Louis County, Missouri.

2. At all times relevant, Plaintiffs owned a 2009 Ford Fusion (VIN Number: 3FAHP08149R172420) hereinafter known as the subject "vehicle".

3. Defendant Ford Motor Company ("Defendant") is a foreign corporation doing business in the State of Missouri and made itself amenable to suit in the State of Missouri by reason of having sold and/or distributed its vehicles in Missouri or by reason of having placed

EXHIBIT 1

their vehicles into the stream of commerce for use in Missouri, and/or by maintaining a registered agent in Missouri.

4. At all times relevant, Defendant was in the business of, *inter alia,* designing, engineering, manufacturing, distributing, and selling vehicles under the brand name Ford, including the subject Ford, through dealerships in Missouri. Defendant receives substantial revenues each year from sales in Missouri. Through its actions and those of its affiliated companies and agents, Defendant conducts business in Missouri in that it causes its products to be marketed, distributed, sold and used within this State. Defendant's substantial contacts with the State of Missouri are so continuous and systematic as to render it essentially at home in this State. Therefore, this Court may exercise general jurisdiction over this Defendant. Furthermore, Defendant has appointed a registered agent for the service of process and otherwise purposely availed itself of the privilege of conducting business in the State of Missouri, thereby consenting to this Court's exercise of personal jurisdiction. Additionally, the motor vehicle incident described herein occurred in the State of Missouri and Defendant committed tortious acts within Missouri in that it designed, manufactured, tested, distributed, marketed, advertised, and sold the vehicle for distribution, sale, and use in the State of Missouri, thus this Court has specific personal jurisdiction pursuant to Mo. Rev. Stat. § 506.500(3).

5. Venue is proper in this Court Pursuant to Mo. Rev. Stat. § 508.010, and Mo. Rev. Stat. § 506.500 because Plaintiffs were first injured in St. Charles County, Missouri by the wrongful and negligent conduct of the Defendant alleged herein.

**BACKGROUND AND GENERAL ALLEGATIONS**

6. On December 11, 2018, Patricia Scott drove her 2009 Ford Fusion vehicle Westbound on Interstate 64 in St. Charles County, Missouri.

7. At 10:33am that morning, Plaintiff Patricia Scott and her passenger, Marilyn Arnold, were struck head on by an automobile traveling eastbound in the westbound lane.

8. At the time of the collision, the vehicle's driver-side steering wheel airbag failed to immediately deploy causing Plaintiff Patricia Scott to violently strike her forehead on the steering wheel. The air bag deployed sometime after Plaintiff struck her forehead on the steering wheel.

9. As a result of the airbag failure, the Ford vehicle failed to contain and keep Plaintiff Patricia Scott in a safe position in the vehicle and prevent her from violently striking her forehead on the steering wheel..

10. As a direct result of Defendants' negligence and the defective and unreasonably dangerous condition of the vehicle's driver-side steering wheel airbag, Plaintiff Patricia Scott suffered severe and permanent injuries. Plaintiff suffered a severe concussion and cognitive decline, a fractured sternum, twelve fractured ribs, a fractured left wrist, and several facial contusions. As a result of her traumatic brain injury, Plaintiff Patricia Scott was rendered totally disabled by the Social Security Administration and she is not able to work and earn an income as a registered nurse. Further, Plaintiff's ability to engage in social and recreational activities, and to enjoy life generally, has been severely diminished; all the effects and injuries above are serious, permanent and progressive, and the function and use of the aforesaid body parts and organs are impaired, diminished and made painful.

11. Before December 11, 2018, Defendant, in the regular course of their business, designed, manufactured, marketed, distributed, placed into the stream of commerce, and sold the Subject Ford, including its front steering wheel and steering wheel airbag.

12. At all times relevant, Plaintiffs Patricia Scott and Walter Scott used the Subject Ford and steering wheel in a manner reasonably anticipated and intended by Defendant.

13. At the time of the collision and at the time the vehicle left the control of Defendant, the vehicle and its driver's side airbag system was defective and unreasonably dangerous in its design and/or manufacture.

14. At the time of the collision, the vehicle, including its front steering wheel air bag system, was in the same or substantially the same condition as it was when it left Defendant control.

15. At all times relevant, Defendant knew that the vehicle would reach consumers without substantial change in the condition in which it was sold.

## COUNT I

## STRICT LIABILITY

16. Plaintiff, Patricia Scott, adopts and incorporates by reference the allegations set forth in the preceding paragraphs.

17. At all times herein, Defendant was actively engaged in the business of designing, manufacturing, marketing, warranting, distributing, and selling automobiles, including the aforementioned vehicle.

18. Defendant designed, manufactured, marketed, warranted, distributed, installed, sold, and placed into the stream of commerce the vehicle and its steering wheel and steering wheel airbag system in the normal course of its business.

19. At the time of the collision, the vehicle and its steering wheel and airbag were being used in a manner reasonably anticipated and intended by the Defendant.

20. Defendant knew that the vehicle and the steering wheel and steering wheel airbag would reach customers, including Plaintiff, without substantial change in the condition in which it was sold, would be used without inspection for defects, and represented that it could be used safely and would be fit for the ordinary purposes for which it was purchased.

21. At the time the vehicle left the control of Defendant, as well as the time of the collision and the time Plaintiff Patricia Scott sustained her injuries, the vehicle and its steering wheel and steering wheel airbag was defective and unreasonably dangerous.

22. Defendant knowingly, negligently, and recklessly designed, manufactured, marketed, distributed, sold, and placed into the stream of commerce the vehicle, including its steering wheel and steering wheel airbag system, in a defective and unreasonably dangerous condition.

23. The vehicle and its steering wheel and steering wheel airbag were defective and unreasonably dangerous when put to a reasonably anticipated use in that:

   a. The steering wheel airbag had the propensity to fail and collapse backward during reasonably foreseeable impacts, causing occupants to be injured and receive enhanced injuries.

   b. Defendant did not provide reasonable and adequate warnings to consumers of the propensity steering wheel airbag to fail during reasonably foreseeable impacts causing and/or increasing the risk of injuries;

   c. Defendant did not reasonably and adequately test the vehicle, including its steering wheel airbag, before and during the design, engineering, production, distribution, and sale of the vehicle to the public;

   d. The vehicle, including its steering wheel airbag, was not reasonably

crashworthy:

e. The vehicle, including particularly its steering wheel airbag, was designed in such a manner that it did not immediately deploy prior to Plaintiff striking her head on the steering wheel;

f. The vehicle was designed, engineered, manufactured, tested, marketed, advertised, distributed, warranted, supplied, and sold with a defective steering wheel air bag system rendering the vehicle unreasonably dangerous and less crashworthy during foreseeable impacts;

g. The vehicle, in particular its steering wheel and steering wheel airbag, was designed, engineered, manufactured, tested, marketed, advertised, distributed, warranted, supplied, and sold without incorporating adequate safety components to prevent steering wheel airbag failure during reasonably foreseeable motor vehicle impacts, causing occupants to be injured and/or receive enhanced injuries;

h. Defendant designed and manufactured the vehicle's steering wheel and steering wheel airbag so that it was susceptible to failure during reasonably foreseeable impacts. Alternative airbag designs were widely available that would have provided more reliable steering wheel airbag deployment;

i. The Defendant designed, engineered, manufactured, marketed, advertised, warranted, distributed, installed, placed into the stream of commerce, and sold without incorporating an adequately safe steering wheel and steering wheel airbag to make it safe for its intended use and users during reasonably foreseeable impacts.

Electronically Filed - St Charles Circuit Div - August 08, 2022 - 06:59 PM

24. The defective and unreasonably dangerous conditions associated with the vehicle and its steering wheel and steering wheel airbag existed when the vehicle left the Defendant's control. At the time of the collision the steering wheel airbag system was in the same condition it was in when it left the defendant's possession.

25  As a result of the vehicle's steering wheel airbag system failure, Plaintiff Patricia Scott suffered the following damages;

      a. Past medical and rehabilitation costs;

      b. Lost wages and impaired earning capacity;

      c. Rendered totally disabled by the Social Security Administration;

      d. Scarring and disfigurement;

      e. Substantial cognitive decline and impairment; and

      f. Past and future pain and suffering.

WHEREFORE, Plaintiff Patricia Scott prays judgment against the Defendant, under Count I herein, in an amount that is fair and reasonable in excess of $25,000.00 and for such other and further relief the Court deems just and equitable in the premises.

## COUNT II

## FAULURE TO WARN – STRICT LIABILITY

26. Plaintiff, Patricia Scott, adopts and incorporates by reference the allegations set forth in the preceding paragraphs.

27. The Defendant knew or should have known of the above-referenced defective and unreasonably dangerous conditions in the vehicle's driver's side air bag system and failed to warn Plaintiff and all other users of such dangerous conditions in the vehicle.

28. Despite its knowledge, defendant failed to provide adequate warnings addressing the defective and unreasonably dangerous conditions of the vehicle's steering wheel airbag system.

29. As a direct and proximate result of the vehicle's steering wheel airbag system failure, Plaintiff Patricia Scott sustained severe and enhanced injuries that are permanent and progressive in nature.

30. As a result of the vehicle's steering wheel airbag system failure, Plaintiff Patricia Scott suffered the following damages;

   a. Past medical and rehabilitation costs;

   b. Lost wages and impaired earning capacity;

   c. Rendered totally disabled by the Social Security Administration;

   d. Scarring and disfigurement;

   e. Substantial cognitive decline and impairment; and

   f. Past and future pain and suffering.

WHEREFORE, Plaintiff Patricia Scott prays judgment against the Defendant, under Count I herein, in an amount that is fair and reasonable in excess of $25,000.00 and for such other and further relief the Court deems just and equitable in the premises.

## Count III – Loss of Consortium

31. Plaintiff, Wallace Scott, adopts and incorporates by reference each and every allegation and averment contained in the foregoing paragraphs as though fully set forth herein.

32. Plaintiff Walter Scott is and was at all times mentioned herein the lawfully wedded husband of Plaintiff Patricia Scott.

8

33. As a direct and proximate result of the dangerous and defective conditions of the steering wheel and steering wheel airbag system in the vehicle as well as the Defendant's failure to warn of such conditions, Plaintiff Wallace Scott has lost the care, comfort, services, companionship, and consortium of his wife and will suffer damages for the continued care, treatment, and assistance to his wife for the rest of his life.

WHEREFORE, Plaintiff, Wallace Scott, prays judgment against the Defendant, under Count III herein, in an amount that is fair and reasonable in excess of $25,000.00 and for such other and further relief the Court deems just and equitable in the premises.

Respectfully Submitted,

**MCDONNELL & MCDONNELL**

By: /s/ Bernard P. McDonnell
Bernard P. McDonnell MBE #27372
/s/ Myles D. McDonnell
Myles D. McDonnell MBE #66721
231 S. Bemiston (Suite 800)
Clayton, MO 63105
(314) 721-3898
(314) 854-1386 (Fax)
bpm@mcdonnellandmcdonnell.com
mdm@mcdonnellandmcdonnell.com
Attorneys for Plaintiffs